## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 380 HEALTH & WELFARE FUND, <br> IBEW LOCAL UNION NO. 380 PENSION TRUST FUND, <br> I.B.E.W. LOCAL UNION NO. 380 MONEY PURCHASE PENSION TRUST FUND, <br> THOMAS BURKE, in his official capacity as a fiduciary, <br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 380 <br> 3900 Ridge Pike <br> Collegeville, PA 19426 <br><br> and <br><br> LOCAL UNION 380 ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND, <br> STEVEN BOLEF, in his official capacity as a fiduciary <br> 4020 Cross Keys Road <br> Collegeville, PA 19426 <br><br> and <br><br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, COMMITTEE ON POLITICAL EDUCATION <br> 1125 15th Street, N.W. <br> Washington, D.C. 20005 <br><br> and <br><br> PENN-DEL-JERSEY CHAPTER OF NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION <br> 1500 Walnut Street, Suite 1650 <br> Philadelphia, PA 19102 <br><br> and <br><br> NATIONAL ELECTRICAL BENEFIT FUND, <br> LINDELL K. LEE, in his official capacity as a fiduciary, <br> D.R. BORDERN, JR., in his official capacity as a fiduciary <br> 2400 Research Boulevard, Suite 500 <br> Rockville, MD 20850 | CIVIL ACTION NO: |

|  |  |  |
|---|---|---|
|  | Plaintiffs, | ) |
| v. |  | ) |
|  |  | ) |
| NRG CONTROLS, INC. |  | ) |
| d/b/a NRG Building Supply |  | ) |
| 48 South Harrisburg Street, 2nd floor |  | ) |
| Harrisburg, PA 17113 |  | ) |
|  |  | ) |
|  | Defendant. | ) |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132, 1145, and supplemental jurisdiction with respect to any matters governed by state law, under 28 U.S.C. §1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs, International Brotherhood of Electrical Workers Local Union No. 380 Health & Welfare Fund, IBEW Local Union No. 380 Pension Trust Fund, I.B.E.W. Local Union No. 380 Money Purchase Pension Trust Fund ("Welfare Fund", "Pension Fund" and "Annuity Fund"), are trust funds established under 29 U.S.C. §186(c)(5). The Trustees of the Welfare Fund, Pension Fund and Annuity Fund are, collectively and individually, the "plan sponsor" and "fiduciary(ies)" of the IBEW Local No. 380 Health and Welfare Plan ("Welfare Plan"), the

284596-1

I.B.E.W. Local 380 Pension Plan ("Pension Plan") and the I.B.E.W. Local 380 Annuity Plan ("Annuity Plan"). The Pension Plan, Welfare Plan and Annuity Plan are "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5. Plaintiff, Local Union 380 Electrical Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund") is a trust fund established under 29 U.S.C. §186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), (2), and (3).

6. Plaintiff International Brotherhood of Electrical Workers, AFL-CIO, Committee of Political Education ("COPE"), is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

7. Plaintiff National Electrical Benefit Fund ("NEBF") is a trust fund established under 29 U.S.C. §186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), (2), and (3).

8. Plaintiff Thomas Burke ("Burke"), is a trustee and fiduciary of the Welfare Plan, Pension Plan and Annuity Plan within the meaning of 29 U.S.C. §1002(21). He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Plan, Pension Plan and Annuity Plan.

9. Plaintiff Steven Bolef ("Bolef") is a trustee and fiduciary of the Apprenticeship Fund within the meaning of 29 U.S.C. §1002(21). He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Apprenticeship Fund.

10. Plaintiffs Lindell K. Lee ("Lee") and D.R. Borden, Jr. ("Borden") are trustees and fiduciaries of the NEBF within the meaning of 29 U.S.C. §1102(21). They have a business address as listed in the caption and are authorized to brig this action on behalf of all the Trustees of the NEBF.

11. Plaintiff, International Brotherhood of Electrical Workers Local Union No. 380 ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of NRG Controls, Inc. d/b/a NRG Building Supply who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

12. The Penn-Del-Jersey Chapter of the National Electrical Contractors Association ("NECA") is a non-profit trade association representing contractors in collective bargaining with the Union.

13. The Welfare Plan, Pension Plan and Annuity Plan are jointly referenced as "380 Benefit Funds" in this complaint.

14. The 380 Benefit Funds, Apprenticeship Fund and NEBF and jointly referenced as "ERISA Funds" in this complaint.

15. Upon information and belief, Defendant, NRG Controls, Inc. d/b/a NRG Building Supply ("Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

284596-1

## COMMON FACTS

16. At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

17. The Company also agreed to abide by the terms of the Trust Agreements of the ERISA Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations.

18. Under the Labor Contract or Trust Agreements, the Company agreed:

(a) To make full and timely payments on a monthly basis to the ERISA Funds as required by the Labor Contract;

(b) To file monthly remittance reports with the ERISA Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the ERISA Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the ERISA Funds; and

(d) To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the ERISA Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

(e) To make full and timely payments on a monthly basis to the Eastern Pennsylvania Electrical Contractor Administrative Fund of NECA ("EPAECAF") as required by the Labor Contract; and

284596-1

(f)    To pay wages, dues, contributions the COPE, Credit Union deductions and other amounts withheld from employee pay under the Labor Contract.

19.    Burke and the trustees of the Pension Fund are the authorized collection agent for:

(a)    the ERISA Funds,

(b)    the EPAECAF,

(c)    the COPE,

(d)    the Credit Union,

(e)    and dues due the Union.

20.    The ERISA Funds, EPAECAF, COPE, Union, Burke, Bolef, Lee and Borden are, hereinafter, jointly referred to as "Plaintiffs."

## COUNT I - CONTRIBUTIONS UNDER CONTRACT

### PLAINTIFFS

v.

### COMPANY

21.    The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

22.    Based upon information presently available to the Plaintiffs, the Company owes the Plaintiffs at least the sum of four hundred and fifty-five thousand seven hundred dollars ($455,700.00) due under the Labor Contract or Trust Agreements for the period September 2006 to the present.

23.    The Company has not paid the Plaintiffs as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Plaintiffs for at least four hundred and fifty-five thousand seven hundred dollars ($455,700.00) plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA

### ERISA FUNDS

### v.

### COMPANY

24. The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

25. Based upon information presently available to the ERISA Funds, the Company has failed to pay contributions to the ERISA Funds in at least the amount of four hundred and fifty-five thousand seven hundred dollars ($455,700.00) for the period September 2006 to the present in violation of 29 U.S.C. §1145.

26. The ERISA Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the ERISA Funds ask that the Court:

(1) Enter judgment against the Company in favor of the ERISA Funds for at least four hundred and fifty-five thousand seven hundred dollars ($455,700.00) plus any additional

amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PLAINTIFFS

## v.

## COMPANY

27. The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

28. The Company is obligated to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

29. The amount of contributions and working dues the Company is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

30. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

31. Computation of the precise amount of an employer's delinquency is normally

achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

32. No audit of the Company's books and records has been performed.

33. The Company is required by the Labor Contract, Trust Agreement or applicable law to permit the Plaintiffs to audit their records and to cooperate in determining the contributions due the Plaintiffs.

34. The Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

35. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS

v.

### COMPANY

36. The allegations of Paragraphs 1 through 23 and Paragraphs 27 through 35 are incorporated by reference as if fully restated.

37. On information and belief, the Company has failed to make contributions to the

Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

38. On information and belief, the Plaintiffs have been damaged by the Company's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions, dues and other amounts withheld from employee pay, found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### ERISA FUNDS

v.

### COMPANY

39. The allegations of Paragraphs 1 through 20 and Paragraphs 24 through 35 are incorporated by reference as if fully restated.

40. On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

41. The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and

284596-1

information necessary to determine this liability are in the Company's possession, custody, control or knowledge.

42. On information and belief, the ERISA Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, the ERISA Funds ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the ERISA Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VII - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

### UNION

### v.

### COMPANY

46. The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

47. The Company is an employer within the meaning of 43 P.S. §260.2a.

48. Union is a labor organization and collective bargaining representative, designated agent within the meaning of 43 P.S. §260.9a(b) and federally mandated representative of the

284596-1

interests of the employees of the Company who are parties to whom any type of wages is payable within the meaning of 43 P.S. §260.9a(a).

49. Company has failed to pay wages, dues, COPE deductions, Credit Union deductions and/or other amounts withheld from employee pay within the meaning of 43 P.S. §260.9a(a) to its employees represented by Union.

50. Company has failed to pay at least nine hundred forty-four thousand three hundred dollars ($944,300.00) in such wages, dues, COPE deductions, Credit Union deductions and/or other amounts withheld from employee pay. The Union is without sufficient information or knowledge to plead the precise nature, extent and amount of Company's unpaid wages, dues, COPE deductions, Credit Union deductions and/or other amounts withheld from employee pay since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

51. All unpaid wages sought by this Complaint have remained unpaid (or by the time a response to this Complaint is due will have remained unpaid) for thirty (30) days beyond the date on which they were due.

52. The Company has not given notice of a dispute over wages as required by 43 P.S. §260.6.

53. No good faith dispute or contest of any wage claim, right to set off or counterclaim exists between the Union and the Company.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of the Union for the unpaid wages due and owing, liquidated damages equal to the greater of twenty-five percent (25%) of the unpaid wages owed to each individual employee or Five Hundred Dollars ($500.00) for each

employee pursuant to 43 P.S. §260.10, interest as provided on judgments under the law of Pennsylvania and costs, including reasonable attorneys' fees incurred in this action and in the enforcement or collection of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT VIII – CONVERSION OF UNPAID WAGES AND/OR AMOUNTS WITHELD FROM EMPLOYEE PAY

### UNION

### v.

### COMPANY

54. The allegations in Paragraphs 1 through 18 are incorporated by reference.

55. Company has tortuously converted property withheld from employee pay and held in trust for the Union without lawful justification.

56. Demand has been made on Company for recovery of the property without payment.

57. Union, and the employees it represents, has been damaged by the conversion of assets held for it in trust.

WHEREFORE, Union asks that the Court:

(1) award damages and make the Union whole for any losses resulting from the tortuous conversion of property, including the fair value of such property, and actual proceeds, product, offspring, rents or profits of such property that at any time came into Defendant's possession, custody or control or was used by them to reduce their liability for other debts.

(2) restore any profits and the fair value of use or lost opportunity from the use of trust funds; and;

(3) grant such other relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: *(signature)*
JEROME A. FLANAGAN
ID NO. 92279
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215) 351-0660
Attorney for the Plaintiffs

Date: 9/24/10

284596-1