IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| International Brotherhood of Electrical Workers Local Union No. 380 Health & Welfare Fund, et al. | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | NO. 10-CV-5028 |
| NRG Controls, Inc. d/b/a NRG Building Supply | : : | |
| Defendant. | | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant NRG Conrtrols, Inc. d/b/a/ NRG Building Supply ("NRG" or "Defendant"), hereby responds to the Complaint of Plaintiffs, International Brotherhood of Electrical Workers Local Union No. 380 Health & Welfare Fund; IBEW Local Union No. 380 Pension Trust Fund; I.B.E.W. Local Union No. 380 Money Purchase Pension Trust Fund; Thomas Burke, in his official capacity as a fiduciary; International Brotherhood of Electrical Workers Local Union No. 380; Local Union 380 Electrical Joint Apprenticeship and Training Trust Fund; Steven Bolef, in his official capacity as a fiduciary; International Brotherhood of Electrical Workers, AFL-CIO, Committee on Political Education; Penn-Del-Jersey Chapter of National Electrical Contractors Association; National Electrical Benefit Fund; Lindell K. Lee, in his official capacity as a fiduciary ("Plaintiffs") as follows:

## JURISDICTION

1.      The allegations of Paragraph 1 are conclusions of law to which no response is required and they are, therefore, denied.

2.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and they are, therefore, denied.

## **VENUE**

3.      The allegations of Paragraph 3 are conclusions of law to which no response is required and they are, therefore, denied.

4.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 and they are, therefore, denied.

5.      The allegations of Paragraph 5 are conclusions of law to which no response is required and they are, therefore, denied.

6.      The allegations of Paragraph 6 are conclusions of law to which no response is required and they are, therefore, denied.

7.      The allegations of Paragraph 7 are conclusions of law to which no response is required and they are, therefore, denied.

8.      The allegations of Paragraph 8 are conclusions of law to which no response is required and they are, therefore, denied.

9.      The allegations of Paragraph 9 are conclusions of law to which no response is required and they are, therefore, denied.

10.      The allegations of Paragraph 10 are conclusions of law to which no response is required and they are, therefore, denied.

11.      The allegations of Paragraph 11 are conclusions of law to which no response is required and they are, therefore, denied.

12.      The allegations of Paragraph 12 are conclusions of law to which no response is required and they are, therefore, denied.

#13106242 v1

13.     Admitted.

14.     Admitted.

15.     The allegations of Paragraph 15 are conclusions of law to which no response is required and they are, therefore, denied.

## COMMON FACTS

16.     The allegations of Paragraph 16 are conclusions of law to which no response is required and they are, therefore, denied.  By way of further answer the Collective Bargaining Agreement is a document that speaks for itself and Plaintiffs' attempt to paraphrase the document is, therefore, denied.

17.     The allegations of Paragraph 17 are conclusions of law to which no response is required and they are, therefore, denied.  By way of further answer the Trust Agreements are documents that speak for themselves and Plaintiffs' attempt to paraphrase the documents is, therefore, denied.

18.     The allegations of Paragraph 18(a) through (f) are conclusions of law to which no response is requires and they are, therefore, denied.  By way of further answer the documents referenced in the subparagraphs 18(a) through (f) are documents that speak for themselves and Plaintiffs' attempt to paraphrase the documents is, therefore, denied.

19.     The allegations of Paragraph 19(a) through (e) are conclusions of law to which no response is requires and they are, therefore, denied.

20.     Admitted.

## COUNT I – PLAINTIFFS V. COMPANY

21.     Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

22.     The allegations. of Paragraph 22 are conclusions of law to which no response is requires and they are, therefore, denied.

23.     The allegations. of Paragraph 23 are conclusions of law to which no response is requires and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count I set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

## COUNT II - ERISA FUNDS V. COMPANY

24.     Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

25.     The allegations. of Paragraph 25 are conclusions of law to which no response is requires and they are, therefore, denied.

26.     The allegations in Paragraph 26 are conclusions of law to which no response is required, and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count II set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

## COUNT III – AUDIT – PLAINTIFFS V. COMPANY

27.     Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

28.     The allegations in Paragraph 28 are conclusions of law to which no response is required, and they are, therefore, denied.

#13106242 v1

29.     The allegations in Paragraph 29 are conclusions of law to which no response is required, and they are, therefore, denied.

30.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and they are, therefore, denied.

31.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and they are, therefore, denied.

32.     Admitted.

33.     The allegations in Paragraph 33 are conclusions of law to which no response is required, and they are, therefore, denied.

34.     The allegations in Paragraph 34 are conclusions of law to which no response is required, and they are, therefore, denied.

35.     The allegations in Paragraph 35 are conclusions of law to which no response is required, and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count III set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

## COUNT IV
## CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT - PLAINTIFFS V. COMPANY

36.     Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

37.     The allegations in Paragraph 37 are conclusions of law to which no response is required, and they are, therefore, denied.

38.     The allegations in Paragraph 38 are conclusions of law to which no response is required, and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count IV [sic] set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

**COUNT V –**
**CONTRIBUTIONS UNDER ERISA AFTER AUDIT – ERISA FUNDS V. COMPANY**

39.     Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

40.     The allegations in Paragraph 40 are conclusions of law to which no response is required, and they are, therefore, denied.

41.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and they are, therefore, denied.

42.     The allegations in Paragraph 42 are conclusions of law to which no response is required, and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count V set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

**COUNT VII [sic] –**
**WAGE PAYMENT AND COLLECTION LAW- UNION V. COMPANY**

46. [sic]        Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

47. [sic]        The allegations in Paragraph 47 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

#13106242 v1

48. [sic]        The allegations in Paragraph 48 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

49. [sic]        The allegations in Paragraph 49 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

50. [sic]        The allegations in Paragraph 50 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

51. [sic]        The allegations in Paragraph 51 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

52 [sic]        The allegations in Paragraph 52 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

53. [sic]        The allegations in Paragraph 53 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count VII [sic] set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

### COUNT VIII [sic] –
### CONVERSION OF UNPAID WAGES AND/OR AMOUNTS WITHHELD FROM EMPLOYEE PAY- UNION V. COMPANY

54. [sic]        Defendant incorporates by reference its responses to the previous paragraphs as if fully restated herein.

55. [sic]        The allegations in Paragraph 55 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

56. [sic]        It is admitted that demand for payment has been made.  The remaining allegations of Paragraph 56 [sic] are denied.

#13106242 v1

57. [sic]        The allegations in Paragraph 57 [sic] are conclusions of law to which no response is required, and they are, therefore, denied.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiffs on Count VIII [sic] set forth in the Complaint and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant has paid employees for all wages earned in accordance with applicable law.

### THIRD DEFENSE

Plaintiffs are not entitled to some or all of the relief sought.

### FOURTH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the statute of limitations.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or judicial estoppel.

### SIXTH DEFENSE

Plaintiff has failed to exhaust administrative remedies as required by law as to some or all of his claims.

#13106242 v1

Defendant reserves the right to add one or more of the affirmative defenses listed in Federal Rule of Civil Procedure 8(c) and 12(b) if facts are discovered to support an additional defense.

Respectfully submitted,


/s/ Thomas J. Cole, Jr., Esquire
Thomas J. Cole, Jr., Esquire (I.D. No. 56979)
Matthew R. Williams, Esquire (I.D. No. 91820)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
(215) 981-4507
*Attorneys for Defendant NRG Controls, Inc.*
Dated:  November 24, 2010        *d/b/a/ NRG Building Supply*

#13106242 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| International Brotherhood of Electrical Workers Local Union No. 380 Health & Welfare Fund, et al. | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : | NO. 10-CV-5028 |
| | : | |
| NRG Controls, Inc. d/b/a NRG Building Supply | : | |
| Defendant. | | |

## CERTIFICATE OF SERVICE

I certify that, on this date, I caused a copy of the Answer and Affirmative

Defenses to Plaintiff's Complaint to be served upon the following by ECF and regular mail.

Jerome A. Flanagan, Esquire
JENNINGS SIGMOND, P.C.
The Penn Mutual Tower, 16th Floor
510 Walnut Street
Philadelphia, PA  19106
Attorneys for Plaintiffs


/s/ Matthew R. Williams
Matthew R. Williams

Dated:  November 24, 2010

#13106242 v1